T.C. Summary Opinion 2017-38

UNITED STATES TAX COURT

ALAN DAVID SNOW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15251-15S L.                    Filed June 12, 2017.

Alan David Snow, pro se.

<u>Ric D. Hulshoff</u> and <u>John C. Nash</u>, for respondent.

SUMMARY OPINION

GOEKE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Alan Snow originally petitioned for review of a determination by the Internal Revenue Service (IRS) Appeals Office (Appeals) in Seattle, Washington, to sustain the filing of a notice of Federal tax lien (NFTL) and a proposed levy to collect his unpaid income tax liability for 2013. He no longer disputes the determination regarding the NFTL but maintains that an installment agreement proposal should have been accepted in lieu of the levy. After the Court granted the parties' joint motion to submit the case under Rule 122, Dr. Snow alleged, in various submissions, that a series of changed circumstances had occurred after the administrative process was completed. We have considered these submissions and Dr. Snow's initial arguments, and for the reasons explained herein we sustain Appeals' determination.

## Background

At the time he filed the petition, Dr. Snow resided in Washington State.

Dr. Snow was sent a Final Notice of Intent to Levy and Notice of Your Right to a Hearing on January 27, 2015, regarding tax owed for 2013. A notice of NFTL filing dated February 12, 2015, followed. He timely requested a collection

due process hearing (CDP hearing) on February 20, 2015, and a series of letters from Appeals to him followed.

On March 25, 2015, Steve Fuqua and Joe Mastriano (representatives) submitted by facsimile a Form 2848, Power of Attorney and Declaration of Representative, authorizing them to represent Dr. Snow in the hearing before Appeals and for other tax years as well. Dr. Snow simultaneously requested that the proposed CDP hearing be deferred until May 11, 2015. A settlement officer (SO) replied in a facsimile the next day, stating as follows:

> I am in receipt of your fax dated 3/25/2015 asking for an extension to 5/11/2015 for the Appeals hearing for taxpayer A. Snow. That is not going to be granted unless your client can show that he is in compliance with all of his current tax obligations. My letter dated 3/16/15 asks for his 2014 tax liability and proof of payment. I see that an extension to file is on the records, but that is just an extension to file, and he is required to pay the liability by then either with correct withholding or by making estimated tax payments. Your client has a long history of not timely meeting his tax obligations, and this must stop before he is considered for another installment agreement. He was also requested to provide a financial statement and copies of personal bank statements. All of this information is due to be provided by 3/30/2015. If the information is not provided, then the hearing will be held as scheduled and a decision made on available information. If ALL of the information requested is provided, then I will agree to re-schedule the meeting to either date of 4/20/15, or 4/24/15.

On March 31, 2015, the SO sent another facsimile to the representatives, stating in part as follows:

Re: Dr Snow- I have reviewed the IRM regarding your request for a transfer to Houston for the Face to face hearing & I must deny your request * * *

*       *       *       *       *       *       *

Treas. Reg. 301.6330-1(e) states, "Taxpayers will be expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing." Treas. Reg. 301.6330-1 Q&A-D8 further states, "A face-to-face CDP conference concerning a collection alternative, such as an installment agreement or an offer to compromise liability, will not be granted unless other taxpayers would be eligible for the alternative in similar circumstances." Eligibility requirements are those threshold conditions that must be met in order for Appeals to consider the taxpayer's proposed alternative to collection. The regulations give the filing of required returns and making certain required deposits of tax as examples of eligibility requirements.

Mr. Fuqua then sought appeal of the decision not to transfer the case, but

the SO replied as follows:

Re: A Snow. There is no appealing the decision not to transfer the case to Houston. The IRM is clear that if a case meets requirements for transfer for a face to face meeting, it will be sent to the Appeals office closest to the taxpayer's residence or business location. Also, the taxpayer must show that he is eligible to be considered for a collection alternative before a face to face hearing is granted. An extension to provide such information for Appeals consideration was granted until 4/6/2015. If all of the requested information is not provided, then our decision will be based on available information. It may be necessary to have Compliance investigate & verify information provided before a final decision is made. Appeals will maintain jurisdiction and the taxpayer will be given an opportunity to

respond to their findings before we determine the resolution. Please call if there are any questions.

Mr. Fuqua sent a facsimile on April 8, 2015, stating that Dr. Snow would pay down his 2013 tax liability to under $50,000 and requested an installment agreement with a monthly payment of $1,000. In a letter dated April 9, 2015, the SO stated:

> IRM 5.14.1.2(8)f addresses compliance issues before an installment agreement will be approved: it states "current returns for taxes must be filed and current deposits paid before an installment agreement can be approved and the taxpayer must remain tax compliant for the entire term of the installment agreement, or he/she will default the agreement" My appointment letter asked for you to provide your estimated tax liability and proof of payment. This has not been provided. I am giving you one final opportunity to show that you are in compliance with your tax compliance obligations. If the information is not provided as requested, then your agreement will not be approved and the case will be returned to Compliance for resolution. Your extension for 2014 is for filing only- you are required either to have had sufficient tax withholding or paid your estimated tax payments. The 2014 W2 information shows your income was $522,550.00 and withholding of $48,000.00. Please call if there are any questions.

Dr. Snow then sent a letter to the SO stating his intent to pay off his tax year 2013 liability and requesting an installment agreement. Included in the letter was a check for $25,000 for purposes of paying down Dr. Snow's tax year 2013 liability to under $50,000. The letter, however, made no mention of his tax year 2014 liability.

On April 23, 2015, the SO sent a letter to Dr. Snow through the

representatives stating in part:

> Appeals had a telephone hearing with your representatives Steve Fuqua and Joe Mastriano on Tuesday 4/21/2015 to discuss your situation. You do not qualify for a installment agreement under "fresh start" criteria because this is not the first time that you have incurred a tax liability. I told your reps that I would be willing to consider an installment agreement only after you provide your 2014 estimated tax liability so it may be included in an installment agreement as a "pre-assessed" period or proof that you have paid it along with providing proof that you have increased your withholding for 2015 and if necessary, proof of your 2015 estimated tax payment that was due by 4/15/2015. Your 2014 extension is for "FILING" only- Qualifying for the Extension
> To get the extra time you must:
> 1. Properly estimate your 2014 tax liability using the information available to you,
> 2. Enter your total tax liability on line 4 of Form 4868, and
> 3. File Form 4868 by the regular due date of your return.

On May 7, 2015, one of the representatives left a message with the SO

stating that Dr. Snow did not have the information requested and was expecting a

notice of determination. The SO issued a notice of determination on May 15,

2015, and Dr. Snow timely petitioned this Court for review of the determination.

## Discussion

Section 6330 provides a procedural framework for review of proposed

collection actions during an administrative hearing, as explained more fully in

Goza v. Commissioner, 114 T.C. 176 (2000). Section 6330(d)(1) grants this Court

jurisdiction to review the determination by Appeals. Section 6330(c)(2)(B) permits a taxpayer to challenge the underlying liability in a collection due process proceeding under limited circumstances, but Dr. Snow has not challenged the 2013 tax liability. Rather, he focuses his arguments on the SO's decision to deny his proposed installment agreement. The law is well established that in such situations we review the SO's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Respondent maintains that the SO followed the procedures prescribed in the Internal Revenue Manual. In response, Dr. Snow asserts he does not know what transpired with the SO because he had engaged representatives for the CDP hearing. He offers no statement from his prior counsel nor any rebuttal to respondent's position as to what actually transpired regarding the SO's consideration of the proposed installment agreement. We see no basis to presume the SO's representation of the circumstances is not accurate, and we note that the correspondence in the record supports respondent's position.

On the basis of the communication between the SO and the representatives, we find no abuse of discretion in this case. Dr. Snow's proposed installment agreement was not accepted because he had underpaid his 2014 tax liability. See Boulware v. Commissioner, T.C. Memo. 2014-80, at *21 ("We have consistently

held that an Appeals officer does not abuse his discretion in denying a taxpayer's request for an installment agreement when the taxpayer is not in compliance with his current tax obligations as of the date of the CDP hearing."). Accordingly, we find the SO properly balanced the Government's need for the efficient collection of taxes with the legitimate concern of Dr. Snow that the collection action be no more intrusive than necessary.

To reflect the foregoing,

Decision will be entered

for respondent.